# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| CAROLENG INVESTMENTS LIMITED,<br><br>  Plaintiff,<br>  v.<br><br>BLUESTONE RESOURCES, INC.,<br><br>  Defendant. | Case No. 1:23-mc-00010 |

### MOTION FOR STAY OF SUPPLEMENTAL WRIT OF EXECUTION

Yesterday, the Clerk's Office entered a Supplemental Writ of Execution (the "Writ") in favor of Caroleng Investments Limited ("Caroleng"), an offshore shell company created and controlled by a Russian oligarch and registered in the British Virgin Islands ("BVI"), a well-known financial haven jurisdiction. The Writ directs the United States Marshal to levy and turn over to Caroleng a helicopter that belongs to Bluestone Industries, Inc. ("Bluestone") and which is important to Bluestone's business. The Writ arises from an arbitration award that Caroleng obtained in France and which Bluestone has appealed. The helicopter, moreover, is subject to two UCC security interests that are superior to Caroleng's judgment lien and which secure indebtedness that vastly exceeds the helicopter's value. Caroleng thus could receive no value from a sale of the helicopter in any event. Caroleng's filings in this Court have given no indication that it notified these creditors or investigated the UCC filings regarding the helicopter. Bluestone seeks a stay of the Writ so that the interests of the secured creditors can be appropriately protected.

1

## I.      Factual and procedural background

In 2015, Bluestone made a major asset purchase from Caroleng, a BVI holding company of Mechel OAO, the Russian metals and mining giant controlled by oligarch Igor Zyuzin. The transaction included a provision for Caroleng to receive subsequent payments if certain events occurred. In 2018, Caroleng invoked that provision in an arbitration proceeding in France. The arbitration panel's task was to value an asset that Bluestone had sold after repurchasing its operations and of whose sale price Caroleng was entitled to a percentage. The panel failed, however, to value the asset at all, instead ruling in Caroleng's favor on grounds found nowhere in the parties' agreement. Bluestone appealed the ruling. The appeal is pending in the Court of Cassation of France (Appeal No. V2222715).

While the French courts consider Bluestone's appeal, Caroleng now seeks to seize and liquidate Bluestone's property in the United States based on the French arbitration award. On September 26, 2023, Caroleng filed an Application for Writ of Execution in this Court. The application appears to be filed in the wrong division: Caroleng filed it in the Abingdon Division while asserting that the helicopter is in Roanoke, and the application mentions no fact connected to the Abingdon Division. Caroleng filed the Writ notwithstanding that the helicopter is subject to two perfected UCC security interests, one held by 1st Source Bank and securing approximately obligations of approximately $5 million, and the other held by the current holders of approximately $800 million in secured notes that originated with Greensill Capital (UK).

The Clerk's Office entered the Writ yesterday. Bluestone immediately filed this motion in response.

## II.   Argument

If a BVI company controlled by a Russian oligarch is allowed to seize the helicopter, Bluestone's secured creditors—and therefore Bluestone, as well—will be irreparably harmed. These creditors' rights and interests in the helicopter are superior to Caroleng's judgment lien, and there is no realistic prospect that the secured creditors could successfully pursue Caroleng in the BVI or Mechel in Russia after the helicopter is liquidated.

Because the helicopter is subject to security interests held by two Bluestone creditors, moreover, Bluestone is already contractually prohibited from disposing of it. Any proceeds from the liquidation of the helicopter, moreover, would properly flow to the secured creditors, not to Caroleng. Bluestone therefore seeks a stay of the Writ so the secured creditors can be properly notified of these proceedings and have an opportunity to protect their interest. This would allow for prompt resolution of any potential rights to the helicopter and ensure judicial economy. It would also afford Bluestone an opportunity to comply with its contractual obligations to its priority creditors.

Given the high likelihood of irreparable harm if Caroleng obtains the helicopter, the important public interest in protecting secured creditors, and the absence of prejudice to Caroleng, a brief stay of the Writ is appropriate. *See Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970) (setting forth factors in stay analysis, including irreparable harm, public interest, and prejudice to other parties). Bluestone therefore moves for the following relief:

(1) a stay of the Writ pending further briefing and then action by the Court;

(2) the transfer of this case to the Roanoke Division, where it should be docketed; and

(3) such other and further relief as the Court deems necessary and appropriate.

        Respectfully Submitted,

        BLUESTONE RESOURCES, INC.

        By:/s/     Aaron Balla Houchens
            Of Counsel

Aaron B. Houchens, Esq. (VSB #80489)
AARON B. HOUCHENS, P.C.
111 East Main Street
P.O. Box 1250
Salem, Virginia 24153
540-389-4498 (telephone)
540-339-3903 (facsimile)
aaron@houchenslaw.com

    *Counsel for Bluestone Resources, Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that on the 6th day of October, 2023, I electronically filed the foregoing "Motion for Stay of Supplemental Writ of Execution" with the Court's CM/ECF system, which will send notification of the same to all counsel of record.

        /s/     Aaron Balla Houchens