UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| CAROLENG INVESTMENTS LIMITED,<br><br>            Plaintiff,<br><br>v.<br><br>BLUESTONE RESOURCES, INC.,<br><br>            Defendant. | Index No.  1:2023mc00010<br><br>**PETITIONER'S OPPOSITION TO MOTION FOR STAY OF SUPPLEMENTAL WRIT OF EXECUTION** |

Petitioner and judgment creditor Caroleng Investments Limited ("Petitioner" or "Judgment Creditor" or "Caroleng"), by and through counsel, based on the arguments presented herein, and based on the Affidavit of Zachary E. Mazur, Esq. (the "Mazur Aff.") filed contemporaneously herewith, opposes the Motion for Stay of Supplemental Writ of Execution (the "Motion") filed by Respondent Bluestone Resources, Inc. ("Bluestone" or the "Judgment Debtor").

**INTRODUCTION**

Caroleng has a valid, enforceable money judgment against Bluestone, entered by the United States District Court for the District of Delaware (the "Delaware Court"), and subsequently registered in this district (the "Judgment", Dkt. 1).  The Delaware Court entered the Judgment fulling a ruling that granted Caroleng's Petition to Recognize and Enforce Arbitration Award on June 5, 2021 (the "Recognition Order," enclosed as Exhibit A).  As is recounted in the Judgment itself, the Recognition Order simultaneously denied Bluestone's motion for a stay of enforcement of that same arbitration award.  See Judgment.  As per the Judgment, the Delaware Court ordered Bluestone to "immediately remit to Caroleng the amounts awarded in the final award rendered by

the International Chamber of Commerce arbitral tribunal on May 13, 2020…". The amount owed by Bluestone to Caroleng is currently more than $13 million, of which none has been paid.

Petitioner has sought and obtained a Supplemental Writ of Enforcement (the "Writ", Dkt. 11), which would allow it to enforce the Judgment against a helicopter better described as a 2009 Bell Helicopter Textron Canada Model 427, Serial No. 56079 FAA: N375JC (the "Helicopter") that is owned by Bluestone, and that – until October 5, 2023 – was based in this district at the Roanoke-Blacksburg Regional Airport. Despite the Delaware Court having denied its motion to stay enforcement, Bluestone now moves this Court, <u>presenting no evidence at all</u>, to stay the Writ, to purportedly protect the interests of its purported secured creditors. At the same time, as if to underscore Bluestone's bad faith, the Judgment Debtor has removed the Helicopter from this district, flying it to Burlington, North Carlina, presumably to hide it from the United States Marshal Service, frustrating enforcement of the Writ. Mazur Aff. ¶ 8.

While it is true that Bluestone is a notorious debtor, the Motion misstates the law governing the perfection of security interests in aircraft. The Motion does not provide the Court with a single shred of evidence that there are any creditors with perfected security interests in the Helicopter. Based on publicly available information, Caroleng has determined that there is, at most, a single secured creditor 1st Source Bank, with an unknown balance owed. See Mazur Aff. and Exhibit 1 thereto. Bluestone does not have standing to set forth arguments that purport to protect the interests of 1st Source Bank. Caroleng never had any intention of bypassing any properly secured creditors – once the helicopter is seized, those creditors would be notified prior to a properly conducted Marshal's sale.

It is not true that Caroleng is an "offshore shell company created and controlled by a Russian oligarch." Motion at 1. In fact, Caroleng is a special purpose investment vehicle that

was created to invest in mining interests in West Virginia. Bluestone is a company that is widely thought to be controlled by the Governor of West Virginia, Jim Justice, II. Media reports indicate that it has a long list of unpaid creditors. The Justice family is no stranger to "shell companies" – public financial filings indicate that they have created dozens, if not hundreds, of such entities, likely to thwart collection efforts by creditors such as Caroleng.

## ARGUMENT

***The Delaware Court already denied Bluestone's motion for a stay. Bluestone has not stated the requirements, nor has it met the requirements, for requesting a new stay of enforcement. Bluestone has not posted a bond or proposed to post a bond.***

" 'A stay is not a matter of right, even if irreparable injury might otherwise result.' It is instead 'an exercise of judicial discretion,' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.' " *Nken v. Holder*, 556 U.S. 418, 433 (2009) (Roberts, C.J.) (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672-73 (1926)) (internal citation omitted). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Id. at 433-34 (citing *Clinton v. Jones*, 520 U.S. 681, 708 (1997); *Landis v. North Am. Co.*, 299 U.S. 248, 255 (1936)). Bluestone has certainly not met its burden in the Motion, having presented zero admissible evidence whatsoever that it merits a stay of the Writ.

When assessing whether a stay is justified, courts consider the four *Hilton* factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); see

3

also *Sierra Club v. U.S. Army Corps of Eng'rs.*, 981 F.3d 251, 256 (4th Cir. 2020) (applying Hilton factors when considering stay motions).2 "The first two factors ... are the most critical." See *Nken*, 556 U.S. at 434. However, "[s]ince the traditional stay factors contemplate individualized judgments in each case, the formula cannot be reduced to a set of rigid rules." *Hilton*, 481 U.S. at 777. "Accordingly, '[t]he court need not give these factors equal weight, but should consider all of the factors in light of the circumstances surrounding the injunction.' " *RLI Ins. Co. v. Nexus Servs. Inc.*, No. 5:18-cv-66, 2020 WL 7407466, at *2 (W.D. Va. Dec. 17, 2020) (quoting *MicroStrategy, Inc. v. Bus. Objects, S.A.*, 661 F. Supp. 2d 548, 558 (E.D. Va. 2009) (Friedman, J.)). See *JTH Tax, LLC v. Shahabuddin*, No. 2:20CV217, 2021 WL 8445889, at *2 (E.D. Va. Oct. 8, 2021).

As to the first factor, Bluestone has not shown any likelihood of success of its last-ditch appeal to the Cour de Cassation in Paris, France - the equivalent of the 'Supreme Court' of France. That appeal does not imply a stay of proceedings or enforcement of the Judgment. Bluestone does not even give the Court an inkling of what that appeal is about. Two years ago, the Delaware Court denied Bluestone's motion for a stay of enforcement of the Judgment, based on similar non-arguments. The Judgment Debtor now tries its luck in this Court, but without presenting any applicable evidence or legal standard for such a request. Notably, at the same time it makes this Motion, Bluestone has removed the helicopter from this district, likely hoping to thwart enforcement of the Writ regardless of how this Court rules on the Motion.

Second, Bluestone has not shown any evidence that it will be irreparably injured absent a stay. Indeed, helicopters are not essential equipment for mining companies, and private air travel is generally considered a luxury. Without a helicopter, surely Bluestone executives can travel using alternatives. Meanwhile, the Judgment Creditor faces the real possibility of irreparable

4

harm if it is not permitted to enforce its valid Judgment. Not even Bluestone denies that Caroleng has a valid money judgment against it. If the helicopter is so important to Bluestone, it always has the option of posting a bond: Section (b) of Federal Rule of Civil Procedure 62 provides: "At any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Fed. R. Civ. P. 62(b). Bluestone has not posted a bond or other security to guarantee the rights of the Judgment Creditor, nor does it propose to do so in the Motion. It simply does not want to pay the money that it owes.

Thirdly, the Court should look to whether a stay is required to protect "other parties interested in the proceedings." Beyond 1st Source Bank, which has a secured interest in the target helicopter, Caroleng is unaware of any third parties who could be interested in these proceedings (see discussion of a valid, perfected security interest in aircraft, *infra)*. According to Bluestone, but without presenting any proof, 1st Source Bank is owed in excess of $3 million. Yet, to the extent that it has a valid, perfected security interest, the seizure and judicial sale of the helicopter presents no threat to 1st Source Bank's interests. That is because, prior to any judicial sale, 1st Source Bank would be properly notified, and any superior lien would be honored. Bluestone's efforts to safeguard 1st Source Bank's interest are premature (and possibly without standing).

Lastly, under the *Hilton* factors, public interest lies in this Court's effective enforcement of valid Judgments. When Judgment Debtors engage in wasteful maneuvers to thwart the enforcement process, in this case actively seeking to avoid the U.S. Marshal service in its efforts to enforce the Writ by removing property from the District, those actions should be sanctioned and swiftly remedied by this Court. The public has an interest in the efficacy of judicial rulings, one that trumps a mining company's interest in a Helicopter.

***Security interests in aircraft are perfected through filing with the Federal Aviation Administration***

Bluestone alleges that multiple creditors have perfected security interests in the helicopter – again, not true.  Under the Federal Aviation Act, security interests in aircraft must be recorded with the Administrator of the Federal Aviation Administration. 49 U.S.C. § 44107. After a security instrument is recorded with the FAA, it is valid "against all persons, without other recordation." 49 U.S.C. § 44108(b). The validity of the underlying instrument that is recorded with the FAA is governed by state law. See 49 U.S.C. § 44108(c).  Virginia law accommodates the Federal Aviation Act's recordation system by providing that its own requirements for filing of security interests do not apply to security interests subject to "a statute, regulation, or treaty of the United States whose requirements for a security interest's obtaining priority over the rights of a lien creditor with respect to the property preempt § 8.9A-310 (a)." VA Code § 8.9A-311(a)(1) (2014).

Prior to requesting the Writ, Caroleng conducted a title search to investigate any encumbrances on Bluestone's Helicopter (the "Title Search," Mazur Aff., Ex. 1 thereto).  The Title Search shows a single, perfected security interest in the helicopter in the name of 1st Source Bank, based in South Bend, Indiana.  A copy of 1st Source Bank's security agreement was filed with the FAA ("Security Agreement," Mazur Aff., Exhibit 2 thereto).  That agreement explicitly prohibits Bluestone from further encumbering the aircraft.  Security Agreement 4(h).  While the Motion states that a second group has a security interest in the helicopter – the "current holders of approximately $800 million in secured notes that originated with Greensill Capital (UK)" - Bluestone simply does not present any evidence to support this assertion. Moreover, because the purported Greensill creditors did not record their alleged security interest with the FAA, as evidenced by the recent Title Search, no interest was ever perfected.  That groups' security agreement, if any exists, would not have efficacy against third parties like Caroleng.

6

***Bluestone does not have standing to bring the Motion to protect 1st Source Bank's lien.***

In its Motion, Bluestone seeks to stand in the shoes of one or more of its (purportedly) secured creditors, for those parties to have an "opportunity to protect their interest." Motion at 3. As discussed *supra,* 1st Source Bank is potentially the only secured creditor. One presumes that Bluestone has made 1st Source Bank aware of these proceedings. If 1st Source Bank fears economic harm from enforcement of the Writ, it needs to contact the Judgment Creditor or appear in these proceedings to safeguard its rights. It has not done so. Regardless, any properly perfected secured creditor has nothing to fear with respect to the seizure and sale of the Helicopter. Prior to any judicial sale, Caroleng would be obligated to formally notify any senior lienholders, and the sale proceeds would be distributed according to seniority. Bluestone does not have standing, procedurally, to represent its creditor 1st Source Bank in these proceedings. Its Motion represents Bluestone improper use of procedural substitution. The Judgment Debtor does not have standing to set forth arguments that are properly those of the purported secured creditor.

***Bluestone should be ordered to deliver the helicopter to the United States Marshal Service***

Prior to filing its Motion, Bluestone removed its property from this District. Mazur Aff. ¶ 8. This action was certainly done to frustrate U.S. Marshals in their service and execution of the Writ. This Court has the authority to curtail such contemptuous debtor behavior, and to enforce its own writs under Fed. R. Civ. P. 69 and pursuant to 28 U.S.C.A. § 1651 (the "All Writs Act"). The All Writs Act has been interpreted to empower a federal court "to issue such commands ... as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained." *United States v. N.Y. Tel. Co*., 434 U.S. 159, 172, 98 S.Ct. 364, 54 L.Ed.2d 376 (1977). There is a strong public interest for this Court

to energetically enforce its own writs, orders and judgments. This case is no different – the Court should order Bluestone to comply with the Writ and turn over the Helicopter to the U.S. Marshal Service.

## CONCLUSION

In light of the foregoing, the Motion should be DENIED, and this Court should issue an order requiring Bluestone to immediately turn over the Helicopter to the U.S. Marshals for enforcement of the Writ, subject to being held in contempt of this Court.

Dated: October 10, 2023
Scarsdale, New York

Respectfully submitted,

SARACHEK LAW FIRM

*/s/ Zachary E. Mazur*
Zachary E. Mazur, Esq, *pro hac vice*
Email: zachary@saracheklawfirm.com
Telephone: (646) 519-4396
670 White Plains Road – Penthouse Suite
Scarsdale, New York 10583

-and -

*/s/ Steven L. Higgs*
Steven L. Higgs, Esq. (VSB # 22720)
Steven L. Higgs, P.C. (VSB # 90566)
9 Franklin Road, Southwest
Roanoke, Virginia  24011-2403
*Attorneys for the Judgment Creditor*

## CERTIFICATION OF SERVICE

I certify that, on the 10th of October 2023, I electronically filed the foregoing with the Court's ECF system, providing electronic service via counsel of record to all parties in this case.

*/s/ Zachary Mazur*