UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| CAROLENG INVESTMENTS LIMITED,<br><br>        Plaintiff,<br><br>   v.<br><br>BLUESTONE RESOURCES, INC.,<br><br>        Defendant. | Civil Action No. 1:23-mc-00010 |

**THIRD PARTY 1ST SOURCE BANK'S (I) JOINDER TO
DEFENDANT'S MOTION FOR STAY; AND (II) RESPONSE TO
PLAINTIFF'S APPLICATION FOR WRIT OF EXECUTION**

1st Source Bank ("1st Source"), by counsel, in its capacity as a lender with a perfected, first-priority security interest in the personal property serving as the subject of the *Supplemental Writ of Execution* [ECF No. 11] entered by the Clerk of this Court on October 5, 2023 (the "Writ"), (i) joins Bluestone Resources, Inc.'s ("Defendant") *Motion for Stay of Supplemental Writ of Execution* [ECF No. 13] (the "Motion for Stay"); and (ii) responds to Plaintiff's (a) *Application for Writ of Execution* [ECF No. 3] (the "Writ Application") and (b) *Petitioner's Opposition to Motion for Stay of Supplemental Writ of Execution* [ECF No. 14] (the "Opposition to Stay") as follows:

***Background***

1.      1st Source is a state-chartered bank organized under the laws of Indiana, with its principal place of business located at 100 North Michigan Street, South Bend, Indiana, 46601.

2.     On March 29, 2018, 1st Source and Defendant entered into a *Loan and Security Agreement* (the "Loan and Security Agreement") governing the terms of a loan from 1st Source to Defendant in the original principal amount of $1,550,000.00 (the "Loan").

3.     To secure the repayment of the Loan, Defendant granted 1st Source a lien in certain of its personal property assets, including the Helicopter (defined below) identified in the Writ (the "Collateral").

4.     On October 9, 2018, Defendant executed and delivered to 1st Source a *Cross-Collateral Agreement* (the "Cross Collateral Agreement") providing that all of the Collateral secures the Loan and all the Additional Advances (defined below). In addition, the Cross-Collateral Agreement provides that "[a]ll Collateral will secure all Indebtedness until fully satisfied" and "[t]he terms hereof extend to future Collateral securing any Indebtedness under Agreements between Customer and Bank whether now or in the future existing."

5.      Pursuant to the Loan and Security Agreement, between March 29, 2018, and May 2, 2019, 1st Source made a number of additional loans and/or advances to Defendant to finance the acquisition of certain equipment (the "Additional Advances"). Each of the Additional Advances was evidenced by a note and security agreement granting 1st Source a lien in the purchased equipment.

6.     On March 30, 2020, 1st Source and Defendant entered into a *Loan Modification Agreement*, effective June 30, 2020 (the "Loan Modification Agreement"). The Loan Modification Agreement provided Defendant with an extension of time to repay the Loan and the Additional Advances in exchange for security interests in additional collateral (the "Additional Collateral").

7.     On December 16, 2020, Defendant executed and delivered to 1st Source a Loan and Security Agreement (the "Aircraft Security Agreement") granting 1st Source a lien in and to a 2012

Bell Helicopter Textron Canada, Model No. 427, Serial No. 56079, FAA Registration No. N30GM, plus two Pratt & Whitney Canada Model No. PW207D engines, bearing Model Nos. PCE-BF0190 and PCE-BF0191 (collectively, the "Helicopter"). A true copy of the Aircraft Security Agreement is attached as Exhibit 2 to the *Affidavit of Zachary E. Mazur, Esq. in Opposition to Motion for Stay of Supplemental Writ of Execution* [ECF No. 15] (the "Mazur Affidavit") filed by Plaintiff.

8. On February 20, 2021, 1st Source perfected its security interest in the Helicopter by registering the lien in the Federal Aviation Administration Civil Aircraft Registry and recording electronically the Aircraft Security Agreement with the International Registry, subject to the International Registry of Mobile Assets. The Aircraft Title Search attached as Exhibit 2 to the Mazur Affidavit [ECF No. 15].

9. 1st Source and Defendant entered into a *Loan Obligation Restructure Agreement* (the "Restructuring Agreement"), effective July 1, 2021, providing, in relevant part, the restructuring of a loan secured by Helicopter to provide for the principal balance of $761,195.01, to be repaid in four years with an annual interest rate of 3.75 percent, and monthly payments on ten-year amortization beginning July 1, 2021.

10. Pursuant to the Restructuring Agreement, Defendant executed and delivered to 1st Source new promissory notes in the aggregate principal amount of $10,401,804.81 (the "July 2021 Notes"). Each of the July 2021 Notes is secured by a particular item of collateral described in "EXHIBIT A" to the note. In addition, each item of collateral secures all of the Loan and the Additional Advances pursuant to the terms of the Cross-Collateral Agreement.

11. On December 15, 2021, Defendant executed and delivered to 1st Source the *First Amended Loan Obligation Restructure Agreement* (the "First Amended Restructuring

Agreement"). Pursuant to the First Amended Restructuring Agreement, Defendant executed and delivered to 1st Source amended promissory notes in the aggregate principal amount of $9,399,991.13 (the "December 2021 Notes").

14.     1st Source and Defendant subsequently modified the First Amended Restructuring Agreement on October 12, 2022 (the "Modification of the First Amended Restructuring Agreement").

15.     1st Source and Defendant are continuing to conduct business pursuant to the Loan and Security Agreement and the documents modifying and amending the Loan and Security Agreement (collectively, the "Loan Documents").

16.     As of October 15, 2023, the aggregate outstanding principal and interest balance owing to 1st Source is $5,073,809.04, not including attorney fees and other charges provided in the Loan Documents.

### *Joinder*

17.     1st Source joins the Defendant's Motion for Stay.

18.     1st Source takes no position with respect to the enforceability of the judgment entered by the United States District Court for the District of Delaware; however, as the Plaintiff anticipates in its Opposition to Stay, 1st Source has a perfected security interest in the Helicopter as alleged in paragraphs 7 and 8 herein. Moreover, the amount secured by the Aircraft Security Agreement is $5,073,809.04, which is far in excess of the value of the Helicopter.

19.     Pursuant to applicable law, the U.S. Marshal would have to sell the Helicopter subject to 1st Source's lien in the Helicopter, which would be futile because no rational third party would purchase the Helicopter, which is believed by 1st Source to be worth approximately $1.2 million, if title to the Helicopter is encumbered by a $5 million lien.

### *Response to Writ Application*

20.     The Writ provides, among other things, that the U.S. Marshal is ". . . AUTHORIZED, in the enforcement of this writ, for the United States Marshal and/or the Judgment Creditor enter a secured space, if necessary, by force, to seize the Judgment Debtor's property. . . . The Judgment Creditor is hereby named as substitute custodian for the United States Marshals, maintaining sole and direct responsibility for any attached property."  1st Source requests that this Court enter an order requiring Plaintiff, as judgment creditor, to the extent that it acts as a "substitute custodian for the United States Marshals, maintaining sole and direct responsibility for any attached property," as provided in the Writ, to post a bond with this Court in an amount sufficient to secure the full value of the Helicopter, which is believed to be worth approximately $1.2 million.  By virtue of its security interest in the Helicopter, 1st Source has a property interest in the Helicopter that may be harmed by the execution of the Writ.

21.     1st Source further requests that this Court stay the enforcement of the Writ pending a hearing before the Court to determine the relative rights of Plaintiff, Defendant, 1st Source, and any other party with an interest in the Helicopter, including whether and under what circumstances the Plaintiff is entitled to enforce the Writ.

22.     1st Source wishes to maintain the status quo with its lending relationship to the Defendant and it believes that the execution of the Writ and allowance of a forced sale of the Helicopter would impair 1st Source's property interest in the Helicopter.

WHEREFORE, 1st Source, by counsel, respectfully requests and prays that the Court:

A.     Grant the Motion for Stay filed by Defendant;

B.      To the extent that the Court permits the enforcement of the Writ, impose a bond on

Plaintiff to secure the value of the Helicopter, in an amount determined by the Court to fully secure

the value of the Helicopter;

C.      Determine the relative rights of the Plaintiff, Defendant, 1st Source, and any other

party with an interest in the Helicopter; and

D.      Grant such other and further relief as this case may require and the Court deems

just and proper.

Dated:  October 11, 2023                                    1ST SOURCE BANK

                                                            By: /s/ *Michael E. Hastings*
                                                                    Of Counsel

Michael E. Hastings (Virginia Bar No. 36090)
J. Benjamin Rottenborn (Virginia Bar No. 84796)
WOODS ROGERS VANDEVENTER BLACK PLC
10 S. Jefferson Street, Suite 1800
Roanoke, VA 24011
Phone: (540) 983-7600
Fax: (540) 983-7711
michael.hastings@wrvblaw.com
ben.rottenborn@wrvblaw.com

    *Counsel for 1st Source Bank*

<u>Certificate of Service</u>

I hereby certify that on the 11th day of October, 2023, I filed a true and correct copy of

this document with the Court's CM/ECF system, which will send notification of the same to all

counsel of record.

                                                            /s/ *Michael E. Hastings*
                                                            Michael E. Hastings