UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| CAROLENG INVESTMENTS LIMITED,<br><br>Petitioner,<br><br>v.<br><br>BLUESTONE RESOURCES, INC.,<br><br>Respondent. | Index No.  1:2023mc00010<br><br>**PETITIONER'S RESPONSE TO 1ST SOURCE BANK'S JOINDER TO THE MOTION FOR STAY OF SUPPLEMENTAL WRIT OF <u>EXECUTION</u>** |

Petitioner and judgment creditor Caroleng Investments Limited ("Petitioner" or "Judgment Creditor" or "Caroleng"), by and through counsel, based on the arguments presented herein, and based on the Affidavit of Zachary E. Mazur, Esq. (the "Mazur Aff.") filed on October 10, 2023 (Dkt. 15), hereby opposes opposed and responds to third party 1st Source Bank's ("1st Source") *Joinder to Defendant's Motion for Stay* (the "Joinder", Dkt. 17), through which it joined the *Motion for Stay of Supplemental Writ of Execution* ("the Motion", Dkt 13) filed by Respondent Bluestone Resources, Inc. ("Bluestone" or the "Judgment Debtor").

***1st Source Bank Has Not Properly Established the Extent of its Lien, Nor Has it Demonstrated any Prejudice from Enforcement of the Supplement Writ***

1st Source Bank's Joinder suffers from the same deficiency as the Motion itself – zero evidence and zero legal authority.  1st Source Bank does not present any evidence that it is owed $5,073,809.04, as it contends.  Joinder at 4.  It does not present any evidence that this entire balance is secured by its purported lien on the helicopter.  It does not present the Court with any evidence that the helicopter is "worth approximately $1.2 million." *Id.*  Pointedly, 1st Source Bank does not disclose the rest of the collateral pledged by the Judgment Debtor and its affiliates.  On

information and belief, <u>that collateral includes millions of dollars of real estate</u> pledged by third parties, along with a personal guarantee from at least one of the Judgment Debtor's principals. Nor is it clear to the Petitioner that 1st Source Bank has placed the helicopter loan (or any other loan to the Judgment Debtor) in default. Banks do not typically make low interest loans without sufficient collateral to cover those loans.

The relationship between the Judgment Debtor and 1st Source Bank needs to be fully probed before this Court can make a determination as to who has the rights to the proceeds of a sale of the helicopter. From the little access that Caroleng has had to 1st Source Bank's loan documents, Caroleng understands that 1st Source Bank is potentially over-collateralized, having security interests in the equipment and personal property of the Judgment Debtor, as well as real estate pledged by non-debtor third parties, and a personal guarantee. This over-collateralization – possibly to the tune of millions of dollars - may be an intentional scheme to frustrate judgment creditors like Caroleng. 1st Source Bank has shown excessive forbearance with the Judgment Debtor, refusing to accelerate the purported loans, accepting unusually favorable payment terms, and not putting the debtor in default. In its Joinder, 1st Source Bank admits that it "wishes to maintain the status quo with its lending relationship to the [Judgment Debtor]." Joinder at 5.

This cozy arrangement between 1st Source Bank and Bluestone may defeat 1st Source Bank's purported first priority lien, based on the doctrine of marshaling. "The equitable doctrine of marshalling rests upon the principle that a creditor having two funds to satisfy his debt, may not by his application of them to his demand, defeat another creditor, who may resort to only one of the funds. *Sowell v. Fed. Res. Bank*, 268 U.S. 449, 456-57, 45 S. Ct. 528, 530 (1925). "[The Marshaling Doctrine's] purpose is to prevent the arbitrary action of a senior lienor from destroying the rights of a junior lienor or a creditor having less security." *Meyer v. United States*, 375 U.S.

2

233, 237, 84 S. Ct. 318, 321 (1963). Here, 1st Source Bank may well have recourse to millions of dollars in alternative collateral, including personal and real property that is owned by affiliates of the Judgment Debtor. The bank should look to that alternative collateral to collect on its loans (if Bluestone is even in default to the bank). "If one creditor has an interest in two properties of a debtor and a second creditor has an interest in only one of those properties of the debtor, the court may compel the first creditor initially to seek recovery from the property not secured by the second creditor in order to prevent the first creditor from arbitrarily destroying the rights of the second creditor. *Kuechler v. Peoples Bank*, 602 F. Supp. 2d 625, 631 (D. Md. 2009).

***Regardless, Enforcement of the Supplemental Writ Should Not be Stayed***

For the purposes the enforcement of Supplemental Writ (Dkt. 11, stayed by the Court on October 12, 2023, Dkt. 18), these arguments may not matter. The U.S. Marshal's Service should be directed to enforce the writ, seize the helicopter and conduct a sale process, regardless of how the proceeds of the sale are to be distributed. If 1st Source Bank can prove a properly perfected, first priority lien on the helicopter, if it can defeat a marshaling argument, and if it can prove the current balance owed under that lien, then it should have the opportunity to protect its rights in the event of a judicial sale. With prior permission from this Court, 1st Source Bank may choose to participate as a buyer in a U.S. Marshal's sale, using a properly established credit bid to on the collateral. If 1st Source Bank's lien is superior to Caroleng's, and 1st Source can prove the amount it is owed under the lien, then it will have a priority interest in the sale proceeds. Any other property perfected secured creditors should be notified as well.

## CONCLUSION

In light of the foregoing, the Motion and the Joinder should be DENIED, and this Court should issue an order requiring Bluestone to immediately turn over the Helicopter to the U.S.

Marshals for enforcement of the Writ, subject to being held in contempt of this Court. To the extent that 1st Source Bank has knowledge of the whereabouts of the helicopter, that party should be directed to cooperate with the U.S. Marshals in their enforcement of the writ.

Dated: November 8, 2023
Scarsdale, New York

Respectfully submitted,

SARACHEK LAW FIRM

/s/ Zachary E. Mazur
Zachary E. Mazur, Esq, *pro hac vice*
Email: zachary@saracheklawfirm.com
Telephone: (646) 519-4396
670 White Plains Road – Penthouse Suite
Scarsdale, New York 10583

-and -

/s/ Steven L. Higgs
Steven L. Higgs, Esq. (VSB # 22720)
Steven L. Higgs, P.C. (VSB # 90566)
9 Franklin Road, Southwest
Roanoke, Virginia  24011-2403
*Attorneys for the Judgment Creditor*

**CERTIFICATION OF SERVICE**

I certify that, on the 8[h] of November 2023, I electronically filed the foregoing with the Court's ECF system, providing electronic service via counsel of record to all parties in this case.

/s/ Zachary Mazur

4